United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Blaine G. Harrington, III, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 19-20860-Civ-Scola |
| ) | |
| Latin Travel Direct, LLC and ) | |
| Michael Steinberger, Defendants. ) | |

**Order Granting Plaintiff's Motion for Default Judgment**

This matter is before the Court upon Plaintiff's Motion for Entry of Default Final Judgment against Defendants Latin Travel Direct, LLC and Michael Steinberger. (ECF No. 40.)

**I.    Background**

Plaintiff Blaine G. Harrington, III is a travel/location photographer. (ECF No. 10 at ¶ 2.) In 2011, Harrington took a picture of three native Panamanian women of the Kuna tribe. (*Id.* at 3-4.) Harrington registered the photograph with the Register of Copyrights on April 26, 2011. (*Id.* at ¶ 19.) The Defendants used Harrington's picture on their travel website without his permission. (*Id.* at ¶ 24.) Defendants copied and distributed Harrington's copyrighted work for purposes of advertising and promoting trips to Panama. (*Id.* at ¶ 25.) Harrington notified the Defendants of the copyright infringement on January 29, 2019. (*Id.* at 29.) He filed this lawsuit on March 3, 2019. (ECF No. 1.) Latin Travel Direct never appeared and Michael Steinberger appeared late. The Court denied Steinberger's motion to set aside the Clerk's default. (ECF No. 26.) Harrington now moves for default judgment against the Defendants.

**II.   Legal Standard**

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

In awarding attorney's fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on

the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433–37. Plaintiff bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated in part by Blanchard v. Bergero*n, 489 U.S. 87, 90 (1989).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." For purposes of Rule 54(d)(1), a "prevailing party" is a "party in whose favor judgment is rendered, regardless of the amount of damages awarded." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop. Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (internal citation omitted). In turn, 28 U.S.C. § 1920 states in relevant part that "[a] judge or clerk of any court of the United States may tax as costs the following: (1) [f]ees of the clerk and marshal."

### III. Analysis

#### A. Copyright Damages

A plaintiff proves a prima facie case of copyright infringement and is entitled to damages when the plaintiff shows (1) ownership of a valid copyright and (2) the defendant's copying of the work. *Feist Publ'n, Inc. v. Rural Tel. Svc. Co.*, 499 U.S. 340, 361 (1991). Here, the Plaintiff has established that it owns the rights to the photograph and that Defendants, without authorization, copied and utilized the copyrighted work on their website. (ECF No. 40 at ¶ 9.) The Plaintiff has also established that Defendants conduct was willful. (*Id.* at 12.). Accordingly, the Court finds the Defendants are liable for the willful infringement of Plaintiff's copyright.

Under the copyright statutes, the Plaintiff may elect to seek actual damages or statutory damages. 17 U.S.C. § 504. Here, Harrington is seeking statutory damages in the amount of three times actual damages due to the willful nature of the Defendants' conduct. (ECF No. 40 at 11.) Where the court finds that infringement was committed willfully, "the court may in its discretion increase the award of statutory damages as to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "Statutory damages for copyright violations are designed to give the owner of a copyright some recompense for injury done to him, in a

case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Foreign Imported Prods. & Publ. v. Grupo Indus. Hotelero, S.A.*, No. 17-22066, 2009 U.S. Dist. LEXIS 139210, at *8 (S.D. Fla. Sept. 30, 2009) (Gold, J.).

Harrington bases his request for $75,000 in statutory damages on his calculation of actual damages. One method of calculating actual damages is to use the licensing fee that the copyright owner would have charged for the work that was infringed. *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1267 (M.D. Fla. 2008). Harrington asserts that he usually charges a fee of $1,000 per image per year for licensing the right to use his work. (ECF No. 40 at 10.) Harrington argues that this fee should be multiplied by a "scarcity factor of 5 and a quality factor of 5" for a total amount of $25,000 in actual damages. (*Id.*) The scarcity factor is based on the scarcity and difficulty in obtaining this picture. (*Id.*) To take this picture, Harrington had to travel to a remote part of Panama, hire a guide, and spend time following the Kuna Indians. Because the Kuna Indians are reluctant to have their picture taken, especially by foreigners, it would be difficult to recreate this image. (*Id.* at ¶ 7.) Because "the licensing fee . . . fails to consider the scarcity of this particular work," a scarcity multiplier of five is appropriate. *Reiffer v. Legendary Journeys, Inc.,* No. 17-cv-2748-T-35AA, 2019 WL 2029973, at *3 (M.D. Fla. April 10, 2019) (applying a scarcity multiplier of five). Harrington did not provide any evidence or citations supporting his request for a "quality factor" of five. (ECF No. 40 at 10.) Accordingly, the Court will only apply the scarcity multiplier for a total of $5,000 in actual damages.

Because of the willful nature of the Defendants' conduct, Harrington seeks statutory damages equal to three times the amount of actual damages. This is "intended to effectively deter future willful infringements." *Foreign Imported Prods.* 2009 U.S. Dist. LEXIS 139210 at *9. Given Defendants' willful infringement, the difficulty of obtaining this type of photograph, the scarcity factor, and the goal of deterring future infringement, the Court concludes that a statutory damage award of $15,000, or three times actual damages, is appropriate. *See id.* at *10.

### B. Injunctive Relief

Under 17 U.S.C. § 502, the Court has the authority to grant permanent injunctive relief. A plaintiff seeking a permanent injunction must demonstrate that he (1) has suffered an irreparable injury, (2) legal remedies are inadequate to compensate for his or her injury, (3) the balance of hardships between the plaintiff and the defendant weighs in the plaintiff's favor, and (4) a permanent injunction serves the public interest. *Microsoft Corp. v. Tech Enter., LLC*, 805 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011) (Hoeveler, J.). Given the value of the

copyrighted material, the ease with which it can be disseminated on the internet, the scarcity of the photograph, and the irreparable injury to the Plaintiff, the Court finds that permanent injunctive relief is warranted to prevent any more present or future infringement. *See Foreign Imported Prods.* 2009 U.S. Dist. LEXIS 139210 at *7-*8. Accordingly, Defendants are enjoined from infringing Plaintiff's copyrights.

### C. Attorneys' Fees

The Copyright Act vests the district courts with discretion to award reasonable attorneys' fees and costs to the prevailing party in an infringement action. 17 U.S.C. § 505. In light of the Defendants' willful conduct in this case, the Court finds that the Plaintiff is entitled to reasonable attorneys' fees and costs. Based on the affidavit and invoices submitted in support of the Plaintiff's motion for default judgment, the Court finds that $4,640.00 in attorneys' fees and $569.15 in costs (service, priority mail, and filing fees) is reasonable. Accordingly, the Court awards a total of $5,209.15 in attorneys' fees and costs to the Plaintiff.

### IV.   Conclusion

The Court **grants** the Plaintiffs' motion for default judgment. (**ECF No. 40**.) Plaintiff Harrington is entitled to judgment against Defendants Steinberger and Latin Travel Direct, LLC in the amount of **$15,000.** The Plaintiff is also entitled to recover costs and reasonable attorneys' fees in the amount of **$5,209.15.**

Defendants are permanently enjoined from disseminating or utilizing the infringing work or distributing in any manner the Plaintiff's copyrights without Plaintiff's express written consent.

Lastly, this judgment shall bear interest at the rate prescribed by 28 U.S.C. ¶ 1961.

The Clerk is directed to **close** this case. All pending motions are denied as **moot.**

**Done and ordered** at Miami, Florida on July 26, 2019.

_____
Robert N. Scola, Jr.
United States District Judge